IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEMMIS PORTER<br>on behalf of himself individually,<br>and ALL OTHERS SIMILARLY<br>SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>RST GLOBAL SOLUTIONS GULF OF<br>MEXICO LLC<br><br>Defendants. | §§§§§§§§§§§§§§ | Civil Action No.<br><br><br>COLLECTIVE ACTION<br>(JURY TRIAL) |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. RST Global Solutions Gulf of Mexico LLC does not pay their Trainers and Instructors overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, RST Global Solutions Gulf of Mexico pays its Trainers and Instructors a day rate ranging from $250 to $450 per day. Because these workers are employees under the FLSA, Chemmis Porter, and the other Trainers and Instructors are entitled to recover unpaid overtime as well as other damages.

2. Defendant RST Global Solutions Gulf of Mexico LLC. has a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

1

3. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant RST Global Solutions Gulf of Mexico LLC who maintained a uniform pay policy denying overtime wages to its Trainers and Instructors and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

5. Defendant RST Global Solutions Gulf of Mexico LLC offers onshore and offshore oil and gas companies onsite training in various, highly technical aspects of drilling operations throughout the world.

6. Defendant RST Global Solutions Gulf of Mexico LLC employed Plaintiff at its Sugarland, Texas location and managed Plaintiff throughout the course and scope of his employment.

7. Putative class members are all similarly situated Trainers and Instructors hired and employed by RST Global Solutions Gulf of Mexico LLC denied compliant compensation for hours worked above forty (40) per week.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

10. Chemmis Porter worked for RST Global Solutions Gulf of Mexico LLC as an Instructor and Trainer. Mr. Chemmis is a resident of Houston, Harris County Texas. His written consent is attached.

11. Defendant RST Global Solutions Gulf of Mexico LLC is a Domestic corporation with locations throughout Texas and the United States. RST Global Solutions Gulf of Mexico LLC may be served with process through its Registered Agent, Adair & Myers PLLC at 3120 SW Frwy, Suite 320, Houston, Texas 77098.

12. Plaintiff was hired and employed by RST Global Solutions Gulf of Mexico LLC. at its Sugarland, Texas location. The type of work performed by Plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

13. The "FLSA Class Members" are all Trainers and Instructors were hired and employed by RST Global Solutions Gulf of Mexico LLC, at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

14. Chemmis Porter was an employee of RST Global Solutions Gulf of Mexico LLC, at its location in Sugarland, Texas.

15. Chemmis Porter was not an independent contractor.

16. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Chemmis Porter time and a half for the hours worked past forty (40) each week while employed by defendants.

17. RST Global Solutions Gulf of Mexico LLC. paid Plaintiff Chemmis Porter a day rate, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

18. Chemmis Porter was employed by Defendants as a Trainer and Instructor from August 2015 to present throughout the course and scope of his employment, Plaintiff trained oil and gas workers and performed manual labor.

19. The work performed by Plaintiff was the primary type of work that the companies provide for their respective customers.

20. The work performed by Plaintiff is an essential part of the services provided for Defendants' Customers.

21. RST Global Solutions Gulf of Mexico LLC., Trainers and Instructors relied on Defendants for their work.

22. RST Global Solutions Gulf of Mexico LLC., determined where its Trainers and Instructors worked and how they performed their duties.

23. RST Global Solutions Gulf of Mexico LLC., set Trainers' and Instructors' hours and requires them to report to work on time and leave at the end of their scheduled hours.

24. RST Global Solutions Gulf of Mexico LLC., Trainers' and Instructors' at all locations work exclusively for RST Global Solutions Gulf of Mexico LLC., since they work at least 12 hours a day, as a practical matter, they cannot work anywhere else.

25. Trainers and Instructors are not permitted to hire other workers to perform their jobs for them.

26. The Trainers and Instructors do not employ staff, nor do they maintain independent places of business.

27. Trainers and Instructors employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by RST Global Solutions Gulf of Mexico LLC each day.

28. The Trainers and Instructors employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by RST Global Solutions Gulf of Mexico LLC.

29. RST Global Solutions Gulf of Mexico LLC pays Trainers and Instructors in return for their labor.

30. RST Global Solutions Gulf of Mexico LLC deducted taxes from the paychecks of Plaintiff and similarly situated employees.

31. RST Global Solutions Gulf of Mexico LLC. keeps records of the hours it instructed its Trainers and Instructors to work. It also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly paycheck.

32. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

33. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

34. In addition to Chemmis Porter, defendants employed dozens of other Trainers and Instructors at the location where Plaintiff worked and at other locations.

These employees worked over forty hours per week and were paid a day rate instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Chemmis Porter.

35. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Trainers and Instructors hired and employed by RST Global Solutions Gulf of Mexico LLC. at all of its locations throughout the United States while receiving a day rate instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

36. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, RST Global Solutions Gulf of Mexico LLC. violated the FLSA.

37. RST Global Solutions Gulf of Mexico LLC. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

38. RST Global Solutions Gulf of Mexico LLC. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

39. RST Global Solutions Gulf of Mexico LLC owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

40. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

    Respectfully submitted:

    THE FOLEY LAW FIRM
    By: */s/ Taft L. Foley II*
    Taft L. Foley, II
    Federal I.D. No. 2365112
    State Bar No. 24039890
    3003 South Loop West, Suite 108
    Houston, Texas 77054
    Phone: (832) 778-8182
    Facsimile: (832) 778-8353
    Taft.Foley@thefoleylawfirm.com

    **ATTORNEYS FOR PLAINTIFFS**